# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ELAM/HALL/JOURNEY/WALKER, Minors.

UNPUBLISHED
July 13, 2017

No. 336140
Wayne Circuit Court
Family Division
LC No. 16-522772-NA

Before: GADOLA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to her minor children, NAE, ZTE, ZZH, AMJ, AZJ, MMJ, RTJ, and AJW (the minor children). Her rights were terminated under MCL 712A.19b(3)(b)(*ii*) (parent had the opportunity to prevent sexual abuse of a child or sibling of that child but did not do so and there is a reasonable likelihood of future abuse), MCL 712A.19b(3)(g) (failure to provide proper care or custody), and MCL 712A.19b(3)(j) (reasonable likelihood, based on conduct or capacity of parent, that child will be harmed if returned home). We affirm.

Petitioner, the Department of Health and Human Services (DHHS), filed a petition to terminate respondent's parental rights after AMJ discovered respondent's brother, Edward Lo Journey, sexually assaulting AZJ in respondent's home on May 25, 2016. Years prior, Journey resided in respondent's basement, and respondent removed Journey from her home at the recommendation of Children's Protective Services (CPS), because Journey allegedly sexually abused either his daughter or stepdaughter. However, even after respondent removed Journey from her home, she continued to allow Journey access to the minor children. Additionally, after the incident on May 25, 2016, AZJ disclosed during a sexual assault examination that Journey had been molesting her for years, and that she had told respondent and another adult family member about the abuse but respondent and the other family member did not believe her claims.

Respondent argues that the trial court erred when it found clear and convincing evidence to terminate her parental rights pursuant to MCL 712A.19b(3)(b)(*ii*), MCL 712A.19b(3)(g) and MCL 712A.19b(3)(j), and that the trial court erred when it found that termination of respondent's parental rights was in the best interests of the minor children. We disagree.

"This Court reviews for clear error a trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). This Court reviews for clear error a trial court's "determination regarding the children's best interests." *Id*. at 713. "A finding is clearly erroneous if 'the reviewing court

-1-

on the entire evidence is left with the definite and firm conviction that a mistake has been made.' " *In re Gonzales/Martinez*, 310 Mich App 426, 430-431; 871 NW2d 868 (2015), quoting *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003).

Petitioner has the "burden to establish by clear and convincing evidence the existence of a ground for termination." *Gonzales/Martinez*, 310 Mich App at 431, citing *JK*, 468 Mich at 210. "To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013); citing *In re Trejo Minors*, 462 Mich 341, 355; 612 NW2d 407 (2000). "Evidence of how a parent treats one child is evidence of how he or she may treat the other children." *In re Hudson*, 294 Mich App 261, 266; 817 NW2d 115 (2011), citing *In re AH*, 245 Mich App 77, 84; 627 NW2d 33 (2001).

A trial court may terminate parental rights under MCL 712A.19b(3)(b)(*ii*) if it finds, by clear and convincing evidence, that:

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

* * *

(*ii*) The parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home.

On appeal, respondent argues that she first learned that Journey was sexually abusing AZJ on May 25, 2016, and while respondent was aware of earlier sexual abuse allegations made against Journey, her only mistake was to allow Journey to continue to have access to the minor children. AZJ was sexually assaulted by Journey in respondent's home on May 25, 2016. AZJ testified that Journey began molesting her either five or six years prior. According to respondent, she first learned of Journey's sexual abuse of AZJ on May 25, 2016. AZJ also testified that she never told respondent about the earlier sexual abuse she suffered at the hands of Journey, however, Danelle Foster, a sexual assault advocate for Wayne County Sexual Assault Forensic Examiner's Program (SAFE), testified that AZJ disclosed to her during a sexual assault examination that AZJ had previously told respondent and an aunt that Journey sexually abused her and that they did not believe AZJ's claims.

Additionally, respondent herself admitted that she knew of the "first allegation" made against Journey after CPS visited her home in "probably 2013." At that time, Journey was being investigated for allegedly sexually abusing either his daughter or stepdaughter. During the investigation, Journey was living in respondent's home, and CPS recommended that respondent remove Journey from her home. Respondent removed Journey from her home, but she continued to allow Journey to interact with the minor children, as Journey was allowed to visit respondent's home and attend family events. She failed to instruct the minor children to avoid Journey because CPS never instructed her to do so, and because the first sexual abuse allegations made

against Journey did not result in Journey being sent to jail. Journey was even permitted to pick up and transport the minor children throughout the community.

Respondent also acted curiously when she spoke with Wanda Woods, a CPS supervisor, and Foster after the incident on May 25, 2016. She disclosed to Woods that Journey "help[ed] [respondent] around the home with bills and various things." Further, Anthony Walker, the legal father of AMJ, RTJ, and AJW, was also present during respondent's conversation with Woods, and Woods testified that Walker "felt attacked" by "[respondent's] family" because he "had contacted the police and [respondent's] family was upset and said he should not have called the police." Woods characterized this as one of many unusual and "inappropriate" things that she noticed about respondent during her interaction with respondent. When respondent spoke with Foster after AZJ's sexual assault examination, respondent was distraught because Journey had been "paying [her family's] bills financially[.]" Additionally, Foster offered to help respondent find financial assistance so she would not be dependent on Journey, however, respondent never followed up with the resources that Foster offered her, which greatly concerned Foster.

The trial court found that respondent "was well aware that [Journey] was a danger to her children," because AZJ had previously informed respondent about the sexual abuse perpetrated by Journey and CPS informed respondent that Journey had to move out of respondent's home. The trial court also found that respondent continued to allow Journey access to the minor children, and that, as a result, AZJ had suffered years of sexual abuse. With regard to the other minor children, the trial court found that respondent's failure to protect AZJ from sexual abuse was evidence of respondent's inability to protect her other children from harm.

Thus, when considering the record evidence presented in the trial court that respondent was aware of the serious sexual abuse allegations against Journey preceding his sexual assault of AZJ on May 25, 2016, and the evidence that AZJ had indeed disclosed to respondent that Journey had been sexually abusing her, the trial court did not clearly err when it reached these findings. Respondent could have prevented AZJ's sexual abuse by preventing Journey from accessing the minor children after she first learned that AZJ had been molested by Journey or when she removed Journey from her own home. Further, considering the disregard respondent showed for the safety of the minor children, there was a reasonable likelihood that the minor children would suffer injury or abuse in the foreseeable future if they were placed in respondent's home. Therefore, the trial court properly terminated respondent's parental rights under MCL 712A.19b(3)(b)(*ii*).

A trial court may terminate parental rights under MCL 712A.19b(3)(g) if it finds, by clear and convincing evidence, that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g). Termination under MCL 712A.19b(3)(g) is permissible when evidence establishes that a respondent either causes intentional injuries to a minor child or when a respondent fails to safeguard a minor child from injury. See *In re VanDalen*, 293 Mich App 120, 141; 809 NW2d 412 (2011) (holding that termination of parental rights was proper under both MCL 712A.19b(3)(g) and MCL 712A.19b(3)(j) even in the absence of determinative evidence of the identity of the abuser of minor children, because the evidence showed that the respondents

either intentionally inflicted injuries on their minor children or failed to safeguard them from injury).

The trial court did not err when it found that clear and convincing evidence established that respondent failed to provide proper care or custody for the minor children. The record evidence reflected that respondent permitted Journey access to the minor children even though she knew that there were sexual abuse allegations against him, and that AZJ had claimed that Journey molested her. Ultimately, respondent could have prevented AZJ from being sexually assaulted by Journey if she had not permitted Journey access to the minor children. Given respondent's past failure to safeguard AZJ from sexual abuse, there is no reasonable expectation that respondent will be able to provide proper care or custody to the minor children considering the ages of the minor children. On appeal, respondent only contends that the trial court's decision to terminate respondent's parental rights under MCL 712A.19b(3)(g) was not supported by clear and convincing evidence. However, as discussed above, respondent failed to protect AZJ from what the record demonstrated was repeated sexual abuse. Additionally, "[e]vidence of how a parent treats one child is evidence of how he or she may treat the other children." *Hudson*, 294 Mich App at 266, citing *AH*, 245 Mich App at 84.

The trial court also did not clearly err when it terminated respondent's parental rights under MCL 712A.19b(3)(j), which provides that a parent's rights may be terminated if "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." MCL 712A.19b(3)(j). "Evidence of how a parent treats one child is evidence of how he or she may treat the other children." *Hudson*, 294 Mich App at 266, citing *AH*, 245 Mich App at 84.

Petitioner presented clear and convincing evidence that there was a reasonable likelihood the minor children would be harmed if they were returned to respondent's home. Respondent knew that Journey posed a risk to the minor children based on AZJ's disclosure that Journey had molested her, and the allegations that Journey had sexually abused his daughter or stepdaughter. Yet respondent allowed Journey to visit her home, and even transport the minor children without other adult supervision. Given respondent's knowledge about the risk Journey posed to the minor children and her decision to permit Journey continued access to the minor children, there is a reasonable likelihood that the minor children will be harmed if returned to respondent's home.

On appeal, respondent contends that the minor children will not be harmed if they are returned to her home because, while she failed to "more aggressively protect" the minor children after learning about the allegations against Journey, any harm is unlikely because Journey is currently imprisoned as a result of the May 25, 2016 incident with AZJ. However, there is a reasonable likelihood that the minor children will be harmed when considering respondent's previous failure to protect the minor children from harm, regardless of the fact that Journey is currently imprisoned, as there is a reasonable likelihood that respondent would fail to protect the minor children from Journey upon his release from prison, or another abuser in the foreseeable future.

"Even if the trial court finds that the Department has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also

finds by a preponderance of the evidence that termination is in the best interests of the children." *Gonzales/Martinez*, 310 Mich App at 434, citing MCL 712A.19b(5); and *Moss*, 301 Mich App at 90. " '[T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home,' are all factors for the court to consider when deciding whether termination is in the best interests of the child." *Gonzales/Martinez*, 310 Mich App at 434, quoting *White*, 303 Mich App at 713 (alteration in original). "With respect to the trial court's best-interest determination, we place our focus on the child rather than the parent." *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016), citing *Moss*, 301 Mich App at 87.

The trial court terminated respondent's parental rights on the basis of its well-founded concern that the minor children would not be protected by respondent in the future. The trial court also found that respondent was financially dependent on Journey, and that after the May 25, 2016 incident, respondent seemed more concerned about losing the financial assistance from Journey than keeping Journey, a sexual predator, away from the minor children. Further, during trial, the trial court noted that the majority of the minor children were placed with their respective fathers, and that their respective fathers would protect the minor children from danger and harm. While the trial court acknowledged that AZJ requested that respondent's parental rights not be terminated, and that the minor children loved respondent, the trial court focused on the need to protect the minor children from danger.

The evidence petitioner presented supported the trial court's findings and best-interest determination. The record evidence established that respondent knew that Journey allegedly sexually abused his daughter or stepdaughter, and that AZJ claimed that Journey molested her. Despite this knowledge, respondent allowed Journey to visit her home, access her minor children and even transport the minor children throughout the community. Ultimately, Journey was caught sexually assaulting AZJ by AMJ on May 25, 2016. The trial court properly focused on the best interests of the minor children, as they would be at substantial risk given respondent's prior failure to protect the minor children from Journey.

Affirmed.

/s/ Michael F. Gadola
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood